UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DERRICK DUGAN,

    Petitioner,

    v.                                 CAUSE NO. 3:21-CV-465-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Derrick Dugan, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-2-13) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Dugan argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by failing to credit his testimony and another inmate's statement that the cellphone belong to another inmate. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains

no indication that the hearing officer was personally involved with the discovery of the cellphone that was the subject of the conduct report against Dugan. Further, though the hearing officer found Dugan guilty despite evidence suggesting that he did not put the cellphone in his cell, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Dugan argues that he is entitled to habeas relief because he was denied the right to request witnesses. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary to Dugan's allegations, the administrative record reflects that Dugan was allowed an opportunity to request witnesses and that he received statements from those witnesses as requested. ECF 9-3; ECF 9-6; ECF 9-7. Therefore, this claim is not a basis for habeas relief.

Dugan argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Dugan's filings demonstrate his literacy,

and his charge of possessing or using a cellphone was not particularly complex. Therefore, the argument that he received inadequate assistance from a lay advocate is not a basis for habeas relief.

In sum, Dugan has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Dugan wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Derrick Dugan leave to proceed in forma pauperis on appeal.

SO ORDERED on November 9, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT